# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ANTHONY J. JACKSON,<br>    Plaintiff, | )<br>)   CIVIL ACTION FILE NO.:<br>)<br>)       2:22-CV-151-RWS-JCF<br>) |
| v. | ) |
| S SQUARED MANAGEMENT, LLC<br>and DUBLIN FOOD, INC.,<br>    Defendants. | )<br>)<br>)   JURY TRIAL DEMANDED<br>) |

## PLAINTIFF'S COMPLAINT
## FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW Plaintiff Anthony J. Jackson ("Mr. Jackson" or "Plaintiff") and files this Complaint against S Squared Management, LLC ("Defendant S Square) and Dublin Food, Inc. (hereinafter referred to as "Defendant Dublin"), through undersigned counsel, showing the Court as follows:

## INTRODUCTION

1.

This is a lawsuit for race discrimination and age discrimination brought pursuant to violations of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e et seq. ("Title VII"), 42 U.S.C. §1981 (race) and the Age Discrimination in Employment Act of 1967, as amended.

## JURISDICTION AND VENUE

2.

Jurisdiction of this Court is invoked pursuant to 42 U.S.C. §2000e (Title VII), 28 U.S.C. §§1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. §§2201 and 2202 (declaratory judgment).

3.

Venue is proper in this district and division under 28 U.S.C. §1391 because Defendant S Square and Defendant Dublin regularly conduct business in the Northern District of Georgia, Gainesville Division.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.

All conditions precedent to this lawsuit within the meaning of Fed. R. Civ. P. 9(c) have been performed or otherwise occurred or have been prevented by the action or inactions of Defendant. Plaintiff timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission, ("EEOC") and a "Notice of Right to Sue" was issued by the EEOC. Plaintiff's Charge to the EEOC served to provide notice of the Charge to Defendant and Defendant was afforded the opportunity to participate in the investigation and conciliation of this Charge. This action is filed within ninety (90) days of the Plaintiff's receipt of the "Notice of Right

to Sue." Thus, administrative remedies have been exhausted.

## PARTIES

5.

Plaintiff, Mr. Jackson, is an adult African American citizen over the age of 40 and resident of Stephens County, Georgia. As such, he is entitled to bring actions of this type and nature. He submits himself to the jurisdiction and venue of this Court.

6.

Plaintiff was at all times relevant hereto an "employee" as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., 42 USC §1981 and The Age Discrimination in Employment Act of 1967.

7.

Defendant S Square is an employer as defined by 42 U.S.C. §2000e, 42 USC §1981 ("1981") and The Age Discrimination in Employment Act ("ADEA") and is subject to the law, thus, the requirements placed on employers prescribed by the Title VII of the Civil Rights Act of 1964, the ADEA and 1981 and having in excess of 20 employees active each day of at least 20 weeks in the year.

8.

Defendant Dublin is an employer as defined by 42 U.S.C. §2000e, 42 USC §1981 ("1981") and The Age Discrimination in Employment Act ("ADEA") and is subject to the law, thus, the requirements placed on employers prescribed by the Title VII of the Civil Rights Act of 1964, the ADEA and 1981 and having in excess of 20 employees active each day of at least 20 weeks in the year.

9.

Defendant S Square is a private for-profit company, registered with the Georgia Secretary of State, that was at all times relevant to this action licensed to do business in the state of Georgia and is located in the state of Georgia. At relevant times hereto, Defendant S Square has conducted regular, not isolated, acts of business in Toccoa, Georgia. As such, Defendant S Square is subject to personal jurisdiction and venue in this Court.

10.

Defendant Dublin is a private for-profit company, registered with the Georgia Secretary of State, that was at all times relevant to this action licensed to do business in the state of Georgia and is located in the state of Georgia. At relevant times hereto, Defendant Dublin has conducted regular, not isolated, acts of business in Toccoa,

Georgia. As such, Defendant Dublin is subject to personal jurisdiction and venue in this Court.

11.

Defendant S Square may be served with process of service of the Complaint and Summons via its Registered Agent, Donald S. Roberts, 1321 U.S. Highway 22 East, Post Office Box 480, Haddock, Georgia 31033.

12.

Defendant Dublin may be served with process of service of the Complaint and Summons via its Registered Agent, Steven Martin Stembridge, 1351 Highway 22 East, Post Office Box 480, Haddock, Georgia 31033.

**FACTS**

13.

As above, Plaintiff was, at all times relevant to this action, an employee of Defendant S Square and/or Defendant Dublin, operating under Zaxby's of Toccoa.

14.

Plaintiff was employed by Defendants for approximately 17 years until his termination on or about June 13, 2021.

15.

Plaintiff was terminated following an amicable exchange with another employee.

16.

Plaintiff's co-worker is female, under the age of 40 and is Caucasian.

17.

On or about June 11, 2021, Plaintiff and coworker were performing the same duties of assisting customers at the counter and at the drive thru window.

18.

Defendants allege that Plaintiff was terminated because he and the Caucasian co-worker were involved in the amicable exchange.

19.

The Toccoa police were called to the restaurant to view the video of the amicable exchange between Plaintiff and the Caucasian co-worker.

20.

After reviewing the video of the Plaintiff and co-worker engaging in friendly banter, the Toccoa police stated to Plaintiff "You did nothing wrong."

21.

While both Plaintiff and the Caucasian co-worker were engaged in this friendly banter, only the Plaintiff, who is African American and over the age of 40, was terminated.

22.

The Caucasian co-worker, who is under the age of 40, was not disciplined.

23.

The Caucasian female involved, who is under the age of 40, is still employed by Defendant S Square and/or Defendant Dublin.

24.

Throughout his tenure with Defendants, Plaintiff has been a hard-working employee who diligently performed his duties on a regular basis.

## COUNT I

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, and 42 U.S.C. §1981, RACE DISCRIMINATION

25.

Plaintiff re-alleges paragraphs 1 through 24 as if fully set forth herein and further alleges:

26.

Plaintiff is a member of a protected group (African American).

27.

Plaintiff was employed by Defendant S Square and/or Defendant Dublin.

28.

In view that Plaintiff held a position with Defendants for approximately 17 years, Plaintiff was qualified for the position he held.

29.

Defendants' stated reason for the adverse employment action was a pretext for Defendants' disparate treatment of Plaintiff based on his race.

30.

Plaintiff, who is an African American, was allegedly terminated for engaging in friendly banter with a co-worker, a Caucasian female.

31.

The Caucasian co-worker was not terminated or disciplined.

32.

Plaintiff had been a loyal employee of Zaxby's of Toccoa for approximately 17 years.

33.

The Caucasian co-worker had not been an employee for more than a year.

34.

When interviewed about the friendly banter between the Caucasian co-worker and Plaintiff, the Caucasian co-worker stated that nothing improper had occurred.

35.

During Plaintiff's 17-year tenure with Defendants, Plaintiff and his family previously suffered other acts of discrimination by Defendants.

36.

As an example, while Plaintiff was policing the parking lot, a Caucasian manager, Tony Higdon, spit in front of Plaintiff and told Plaintiff "Clean it up."

37.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff in violation of his federally protected rights.

38.

Defendants' actions were reckless and taken in willful disregard of the probable consequences of its actions.

39.

As Defendants' conduct was willful and deliberate, Plaintiff is entitled to all relief afforded under the statute, including the award of punitive damages against

Defendant S Square and Defendant Dublin in an amount to be determined by the enlightened conscience of the jury.

40.

As a result of Defendants' unlawful conduct, Defendants were the direct, proximate, and but for cause of Plaintiff's damages.

41.

Plaintiff has suffered mental and emotional distress in an amount to be determined at trial by the enlightened conscience of an impartial jury. Plaintiff has also suffered lost wages and the benefits of employment, which he seeks to recover from Defendant S Square and Defendant Dublin.

## COUNT II

## VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967 ("ADEA"), 29 U.S.C §621, AS AMENDED

42.

Plaintiff incorporates preceding paragraphs 1 through 24 as if stated herein for this claim for relief.

43.

Plaintiff is an employee of over 40 years of age, a member of a protected class.

44.

Defendants' stated reason for termination was an amicable exchange captured on video between the Plaintiff and a co-worker.

45.

Defendants' proffered reason for the adverse employment action is pretext for age-related animus.

46.

During Plaintiff's termination meeting, Defendants stated "At your age you should know better."

47.

Plaintiff's age was a motivating factor in the discipline and termination of his employment.

48.

Defendants' actions were willful, wanton, and intentionally directed to harm Plaintiff.

49.

Defendants' actions were reckless and taken in willful disregard of the probable consequences of its actions.

50.

Defendants have acted willfully with malice or reckless indifference to the rights of Plaintiff.

51.

Because of Defendants' intentional violation of the rights of Plaintiff, secured by Title VII and the ADEA, Plaintiff suffered anguish, humiliation, distress, fear for his freedom, harm to reputation, inconvenience, physical damage, emotional damage, damage to his professional reputation, and loss of enjoyment, wages and benefits of employment, entitling him to compensatory punitive damages.

52.

Defendants' actions and failures were the direct, proximate, and but for cause of the harm suffered by Plaintiff as alleged herein.

53.

To remedy the violation of Plaintiff's rights, he is entitled to an award of back pay and benefits, reinstatement/front pay, attorney's fees, and all other appropriate damages, remedies and other relief available under ADEA and all federal statutes providing remedies for violations of ADEA.

**WHEREFORE**, Plaintiff demands a **TRIAL BY JURY** and that the following relief be granted:

(a)     Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e and 42 U.S.C. §1981;

(b)     Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated Plaintiff's rights as secured by the Age Discrimination in Employment Act, as amended, 42 U.S.C. §6101-6107;

(c)     Grant to Plaintiff judgment in his favor and against Defendants under all counts of this Complaint;

(d)     Award Plaintiff pre-judgment interest;

(e)     Award Plaintiff compensatory damages, including backpay, reinstatement or front pay in an amount to be determined in the enlightened conscience of the jury to compensate Plaintiff for the damages suffered as a result of Defendants' conduct;

(f)     Award Plaintiff punitive damages;

(g)     Award Plaintiff nominal damages;

(h)     Award Plaintiff the costs of this action and attorney's fees associated with this action;

(i)     Pursuant to the Seventh Amendment of the United States Constitution and Rule 38, Fed. R. Civ. P., TRIAL BY JURY on all claims on which a jury is available;

(j)     Instruct Clerk to issue summons; and

(k)     Award such additional monetary and equitable relief as the Court deems proper and just.

Respectfully submitted, this 2nd day of August 2022.

/s/ Beverly A. Lucas
Georgia Bar No.: 427692
LUCAS & LEON, LLC
Post Office Box 752
Clarkesville, Georgia 30523
T: (706) 752-2001
F: (706) 752-8085
beverly@lucasandleon.com

Attorney for Anthony J. Jackson

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY J. JACKSON,<br>　　　Plaintiff, | )<br>)<br>) | CIVIL ACTION FILE NO.: |
| v. | )<br>) | |
| S SQUARED MANAGEMENT, LLC<br>and DUBLIN FOOD, INC.,<br>　　　Defendants. | )<br>)<br>)<br>) | JURY TRIAL DEMANDED |

## CERTIFICATE OF FONT COMPLIANCE
## REQUIRED BY LOCAL RULE 7.1D

In accordance with Local Rule 7.1D, I hereby certify that the foregoing was prepared with one of the font and point selections approved by the Court in Local Rule 5.1B. Specifically, it was prepared with Times New Roman, 14 point.

This 2nd day of August 2022

　　　　　　　　　　　　　　　　BY: /s/*Beverly A. Lucas*
　　　　　　　　　　　　　　　　Beverly A. Lucas
　　　　　　　　　　　　　　　　LUCAS & LEON, LLC
　　　　　　　　　　　　　　　　GA State Bar No. 427692
　　　　　　　　　　　　　　　　beverly@lucasandleon.com
　　　　　　　　　　　　　　　　Post Office Box 752
　　　　　　　　　　　　　　　　Clarkesville, Georgia 30523
　　　　　　　　　　　　　　　　Telephone: 706-754-2001
　　　　　　　　　　　　　　　　Fax: 706-754-8085